**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
FRANK CAETANO LOPES GONCALVES,          )
                                        )
       Petitioner,                      )
                                        )      Civil Action
v.                                      )      No. 20-10755-PBS
                                        )
ANTONE MONIZ, Superintendent,           )
Plymouth County Correctional            )
Facility,                               )
                                        )
       Respondent.                      )
_____)


**MEMORANDUM AND ORDER**

May 6, 2020

Saris, D.J.

**INTRODUCTION**

    Petitioner Frank Caetano Lopes Goncalves brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in <u>Reid v. Donelan</u>, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

    For the reasons stated below, the Court hereby **DENIES** the petition (Docket No. 1) without prejudice.

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "<u>shall</u> take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." <u>Reid</u>, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); <u>Gordon v. Lynch</u>, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. <u>See</u> 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." <u>Reid</u>, 390 F. Supp. 3d at 219.

In <u>Reid v. Donelan</u>, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the <u>Reid</u> class may "bring a habeas petition in federal court to

challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration

    court may not impose excessive bail, must evaluate the alien's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the alien's future appearances.

Id. at 228.

## FACTS

### I. Legal Status and Criminal History

Petitioner was born in Angola and spent his childhood in Cape Verde. He entered the United States in 2004 at age thirteen as a legal permanent resident.

Petitioner's criminal history includes a long list of charges that were later dismissed between 2014 and 2019, including multiple charges for assault and battery, receiving stolen property, larceny, possession of controlled substances, trespassing, and shoplifting. Many of these charges were dismissed after Petitioner defaulted by failing to appear.

Petitioner also has several criminal convictions. In April 2016, Petitioner was charged with larceny. He was convicted and sentenced to one year, suspended, with 30 days incarceration. He received "guilty filed" dispositions on charges brought on September 14, 2017 for three counts of possession to distribute a class B controlled substance and on September 29, 2017 for one count of distribution/dispensing a class B controlled substance, two counts of possession to distribute a class B controlled substance, and one count of possession to distribute class A

4

controlled substance. Petitioner was charged with two counts of larceny from a person in December 2017 and was convicted on one of those counts in February 2019.

Petitioner spent a total of four months incarcerated for his criminal convictions.

## II. Immigration Detention and Proceedings

Petitioner has been held in immigration detention since May 31, 2019. His first detained hearing was held on June 24, 2019. At his next hearing on July 8, 2019, Petitioner filed an application for cancellation of removal. The immigration judge ("IJ") set a merits hearing for the first available hearing date on September 19, 2019.

On September 19, 2019, Petitioner appeared with his newly-acquired counsel and asked for a one-to-two-month continuance to allow counsel to prepare his case. The immigration court continued the matter to December 2, 2019 as the court's docket was full through October and November. On December 2, 2019, ICE requested a continuance due to an administrative error in which it did not have the Petitioner's file for the hearing. The IJ continued the case to the next available date of January 14, 2020.

On January 14, 2020, the IJ began Petitioner's hearing and heard testimony on the matter. At the end, the IJ reset the case to February 4, 2020 to continue to hear testimony from the eight

5

witnesses offered by Petitioner. On February 4, 2020, the IJ concluded the testimony on Petitioner's case.

The IJ issued a written decision on February 26, 2020 denying Petitioner's application for relief as a matter of discretion. The IJ found the positive equities – including Petitioner's family ties, his expressed remorse, and his commitment to sobriety – were outweighed by the negative equities – including Petitioner's history of drug use, lengthy criminal history, lack of consistent educational or employment history, lack of community service, sporadic filing of tax returns, and lack of child support to his children. The IJ ordered Petitioner removed to Cape Verde or, in the alternative, to Angola.

Petitioner filed a notice of appeal with the Board of Immigration Appeals ("BIA") on March 20, 2020. The appeal argues that the IJ mischaracterized and ignored key evidence in his case. On April 10, 2020, ICE filed a motion to expedite with the BIA. At the time of Petitioner's reply brief, no briefing schedule had been set.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring

the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

## I. Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20.

Here, Petitioner has been detained since May 31, 2019, over eleventh months ago. Although Petitioner has not engaged in dilatory tactics and at least one month of his detention was due to an administrative error by ICE, his detention has not exceeded the one-year mark. He is not entitled to a presumption of unreasonableness at this time.

## II. Other Relevant Factors

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added). In addition, detention of less than one year may be unreasonable "if the

7

Government unreasonably delays or the case languishes on a docket." Id. at 220.

Weighing in Petitioner's favor is that his appeal before the BIA is at an early stage and unlikely to soon conclude, and that his eleventh months in immigration detention exceed the four months he spent in criminal incarceration. However, the case is moving forward and has not languished on a docket. In addition, the Court cannot say that Petitioner is likely to succeed on appeal. The IJ ordered Petitioner's deportation after careful consideration of the positive and negative equities in Petitioner's case. This is the Court's best guide in determining the likelihood that the proceedings will conclude in a final removal order.

Petitioner also argues that the current COVID-19 pandemic renders his detention unreasonable under Reid. While the Court may weigh the impact of COVID-19 in deciding whether the proceedings are unreasonably prolonged under the Due Process clause, that factor does not outweigh the others in the Reid analysis here. Petitioner argues his childhood history of asthma renders him particularly vulnerable to severe illness from the virus. However, Petitioner has not shown that he currently suffers from the "moderate to severe asthma" that the CDC lists as a preexisting condition raising the risk of severe illness from COVID-19. See Centers for Disease Control & Prevention,

8

People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 6, 2020).

## ORDER

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has not been unreasonably prolonged at this time. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **DENIED** without prejudice.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge